**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-7486**

—————————

SABASTIAN HASKINS,

                                    Petitioner - Appellant,

        versus

COMMONWEALTH OF VIRGINIA,

                                    Respondent - Appellee.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (CA-03-228-AM)

—————————

Submitted:  July 28, 2004          Decided:  September 20, 2004

—————————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Sabastian Haskins, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sabastian Haskins seeks to appeal the district court's order dismissing as untimely his petition under 28 U.S.C. § 2254 (2000).[*] An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Haskins has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), we construe Haskins's notice of appeal and informal brief as a

_____

[*]We note that this is Haskins's second § 2254 petition, which should have been dismissed as an unauthorized successive petition. By order filed March 11, 2004, this appeal was placed in abeyance for Jones v. Braxton, No. 03-6891. In view of our recent decision in Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), we no longer find it necessary to hold this case in abeyance for Jones.

motion for authorization under 28 U.S.C. § 2244 (2000) to file a successive habeas corpus petition. To obtain permission to bring a second or successive § 2254 petition, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Haskins has not satisfied either standard.

Accordingly, we deny Haskins's implicit application for leave to file a successive § 2254 petition, deny Haskins's motion to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED